IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| JOHN ARMAS,<br>TDCJ #1702417,<br>    Plaintiff,<br><br>v.<br><br>RONNIE WALDEN,<br>    Defendant. | Civil No. 7:12-CV-132-O-BL |

## REPORT AND RECOMMENDATION

Plaintiff, an inmate confined in the Allred Unit of the Texas Department of Criminal Justice in Iowa Park, Texas, seeks redress for the alleged "violation of [his] civil rights." *See* Complaint. Plaintiff claims that Defendant Walden lied and brought false disciplinary action against him which resulted in a classification downgrade and at least one more year of ineligibility for parole. *Id.*

28 U.S.C. § 1915(g) provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

At least three of Armas's prior civil actions, each filed when he was incarcerated, have been dismissed as frivolous or for failure to state a claim.[1] Review of the pleading filed in the instant case reflects that he has failed to present any allegation which could establish that he is under imminent

---

[1] *Armas v. Carlisle*, No. 7:08-CV-114 (W.D. Tex.) (dismissed on September 17, 2008 for failure to state a claim); *Armas v. Atascouta State Jail*, No. 4:95-CV-4458 (S.D. Tex.) (dismissed on May 28, 1996 as frivolous); *Armas v. Martinez*, No. 4:95-CV-4646 (S.D. Tex.) (dismissed on April 30, 1996 as frivolous).

danger of serious physical injury. *See* Complaint. Therefore, if he wishes to pursue his civil rights claims, Plaintiff must pay the $350.00 filing fee.

To the extent, if any, that Plaintiff seeks habeas relief, he has not stated a cognizable ground for such relief. There is no constitutional right to parole in Texas. *See, e.g., Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979); *Madison v. Parker*, 104 F.3d 765, 768-69 (5th Cir. 1997); *Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995); *Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995); *Gilbertson v. Texas Bd. of Pardons and Paroles*, 993 F.2d 74, 75 (5th Cir. 1993). And inmates have no constitutionally protected liberty interest in their prison classification level. *See Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995) (recognizing that "[t]he loss of the opportunity to earn good-time credits, which might lead to earlier parole, is a collateral consequence of [an inmate's] custodial status" and, thus, does not create a constitutionally protected liberty interest).

For the foregoing reason, it is RECOMMENDED that the complaint be DISMISSED as barred by the three strikes provision of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996). This dismissal should be without prejudice to Plaintiff's right to reopen the case if he pays the $350.00 filing fee and files a motion to reopen within thirty days of the date of this recommendation. After thirty days, Armas should be required to file a new lawsuit.

It is further RECOMMENDED that Plaintiff's grounds for habeas relief be DENIED.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

SO ORDERED this 11th day of October, 2012.

E. SCOTT FROST
UNITED STATES MAGISTRATE JUDGE